**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**No.: 1:25-cv-80338-ROSENBERG/REINHART**

JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D
BEATS,

      Plaintiffs,

v.

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC
LATINO, CAROLINA GIRALDO NAVARRO
a/k/a KAROL G, EDWIN VASQUEZ VEGA a/k/a
MALDY, MARVIN HAWKINS RODRIGUEZ
a/k/a DJ MAFF, JULIO MANUEL GONZALEZ
TAVAREZ a/k/a LENNY TAVEREZ, and JUSTIN
QUILES,

      Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS UMG RECORDINGS,
INC., CAROLINA GIRALDO NAVARRO, AND MARVIN HAWKINS RODRIGUEZ**

Defendants UMG Recordings, Inc. ("UMG"), Carolina Giraldo Navarro *p/k/a* Karol G ("Karol G"), and Marvin Hawkins Rodriguez *p/k/a* DJ Maff ("DJ Maff") (collectively, "Defendants") jointly file this Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") filed by plaintiffs Jack D. Hernandez *d/b/a* Ocean Vibes Music Publishing ("Ocean Vibes") and Dick Alfredo Caballero Rodriguez *a/k/a* Alfr3d Beats ("Alfr3d") (together, "Plaintiffs").

## PRELIMINARY STATEMENT[1]

1. Defendants admit that Karol G is a world-famous, singer, songwriter, performer and producer. Defendants further admit that, like many of her other musical works, "Gatúbela" obtained chart-topping success.

2. Defendants admit that "Gatúbela" is a successful song; that the official music video for "Gatúbela" has garnered more than half a billion YouTube views; and that Karol G performed "Gatúbela" on tour. Defendants otherwise deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit that DJ Maff promoted "Gatúbela" in an Instagram post dated August 26, 2022 and that DJ Maff sarcastically posted the comment appearing in the screen shot at paragraph 4 of the Complaint. Defendants otherwise deny the allegations contained in paragraph 4 of the Complaint, including Plaintiff's characterization of DJ Maff's Instagram comment.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth about the qualifications of the unnamed musicologist or his/her purported findings. Defendants otherwise deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants lack knowledge or information sufficient to form a belief about the truth about the qualifications of the unnamed musicologist or the supposed making of the biased (and

---

[1] To the extent this, and the other sub-headings, are intended to serve as allegations, Defendants deny all allegations in the sub-headings.

patently improper conclusion) that the supposed level of similarity is "one we almost never see." Defendants otherwise deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief about the truth about the conclusions allegedly reached by unnamed "non-expert listeners." Defendants otherwise deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

## PARTIES

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 and on that basis, deny them.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 and on that basis, deny them.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Admitted.

16. Defendants admit that Karol G wrote and performed "Gatúbela." Defendants otherwise deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that Edwin Vasquez Vega *p/k/a* Maldy ("Maldy") wrote and performed "Gatúbela." Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint and on that basis, deny them.

18. Defendants admit that DJ Maff wrote and produced "Gatúbela." Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint and on that basis, deny them.

19. Defendants admit that Julio Manuel Gonzalez Tavárez *p/k/a* Lenny Tavárez ("Tavárez") is a co-writer of "Gatúbela." Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint and on that basis, deny them.

20. Defendants admit that Justin Quiles ("Quiles") is a co-writer of "Gatúbela." Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint and on that basis, deny them.

## JURISDICTION AND VENUE

21. Defendants admit that the Court possesses subject matter jurisdiction.

22. Defendants admit that the Court possesses jurisdiction over the claims alleged in the Complaint. Defendants otherwise deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit that venue is proper in this judicial district.

## FACTUAL BACKGROUND

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint and on that basis, deny them.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint and on that basis, deny them.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of the Complaint and on that basis, deny them.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint and on that basis, deny them.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint and on that basis, deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint and on that basis, deny them.

30.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint and on that basis, deny them.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint and on that basis, deny them.[2]

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint and on that basis, deny them.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint and on that basis, deny them.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that DJ Maff posted about the release of "Gatúbela" in n Instagram post in August 2022, and further admit that the Instagram post is the best evidence of

---

[2] The paragraphs in the Complaint are misnumbered. On page seven of the Complaint, paragraph 30 is followed by paragraph 11. For ease of reference, the paragraphs in this Answer match the misnumbered paragraphs of the Complaint.

its contents. Defendants otherwise deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that Alfr3d commented on DJ Maff's Instagram post and further admit that Alfr3d's Instagram comment is the best evidence of its contents. Defendants otherwise deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that DJ Maff's responded to Alfr3d's Instagram comment and further admit that DJ Maff's Instagram response is the best evidence of its contents. Defendants otherwise deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that DJ Maff sent a direct message to Alfr3d via Instagram on September 6, 2022, and further admit that DJ Maff's message is the best evidence of its contents. Defendants otherwise deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny they had access to the Work by virtue of its publication by Plaintiff.

29. This paragraph consists of Plaintiff's characterization of the meaning of alleged conduct, or consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny the Work was widely disseminated prior to the creation and/or release of "Gatúbela."

30. This paragraph consists of Plaintiff's characterization of the meaning of alleged conduct, or consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants admit that a little over six weeks elapsed between Plaintiff's first publication of the Work on July 12, 2022 and DJ Maff's Instagram post acknowledging the release of "Gatúbela" in August 2022. Defendants otherwise deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants admit that the U.S. Copyright Office registration for the "Gatúbela" sound recording reflects a date of first publication of August 25, 2022. Defendants otherwise deny the allegations contained in paragraph 34 of the Complaint.

35. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the supposed findings of Plaintiffs' unnamed musicologist. Defendants otherwise deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the referenced comments on Alfr3d's YouTube channel and, therefore, deny the same on that basis.

39. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint., and on that basis, deny them.

41. Defendants admit that they did not license the Work. Defendants otherwise deny the allegations contained in paragraph 41 of the Complaint.

42. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendant admit that they received the Pre-Suit Notice and Demand dated September 27, 2024. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in paragraph 44 of the Complaint and on that basis, deny them.

45. Defendants admit that the Pre-Suite Notice and Demand contained certain demands for relief, and otherwise refers to the Pre-Suit Notice and Demand as the best evidence of its contents.

46. Defendants admit that attorneys for Defendant Karol G responded to the Pre-Suit

Notice and Demand.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint and on that basis, deny them.

47.  Defendants admit that they declined to provide the relief requested in the Pre-Suit Notice and Demand. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendants the remaining allegations contained in paragraph 47 of the Complaint

48.  This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.  This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.  This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.  This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 51 of the Complaint.

## COUNT I
### (Copyright Infringement)

52.  Defendants incorporate by reference the responses contained in the foregoing paragraphs.

53.  Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations contained in paragraph 53 of the Complaint and on that basis, deny them.

54. Defendants admit that they have continuously reproduced, distributed, performed, and exploited "Gatúbela" since August 25, 2022. Defendants otherwise deny the allegations contained in paragraph 54 of the Complaint,

55. Defendants deny that they have used Plaintiffs' Work.

56. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants admit that they have reproduced, distributed, performed, and exploited "Gatúbela" since August 25, 2022. Defendants deny that Plaintiffs' consent is required to do so. Defendants deny all remaining allegations contained in paragraph 57 of the Complaint.

58. Defendants deny that they have interpolated, sampled, used, or copied Plaintiffs' Work.

59. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. This paragraph consists of legal conclusions, to which no response is required. To

the extent a response is deemed required, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 65 of the Complaint.

## COUNT II
### (Vicarious/Contributory Copyright Infringement)

66. Defendants incorporate by reference the responses contained in the foregoing paragraphs.

67. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 73 of the Complaint.

## COUNT III
**(Declaratory Judgment)**

74. Defendants incorporate by reference the responses contained in the foregoing paragraphs.

75. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph

77 of the Complaint.

78. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required. Defendants deny the allegations contained in paragraph 79 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

80. The Complaint fails to state a claim upon which relief can be granted.  In particular, Plaintiffs' claim for declaratory relief is: (a) preempted by the Copyright Act; and (b) redundant to Plaintiffs' claims for copyright infringement.

### SECOND AFFIRMATIVE DEFENSE

81. Plaintiffs lack standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

82. Plaintiffs' claims are barred because the elements of Plaintiffs' composition that "Gatúbela" allegedly infringes upon, which is denied, are neither original with Plaintiffs nor protectable.

### FOURTH AFFIRMATIVE DEFENSE

83. Plaintiffs' claims are barred because "Gatúbela" was independently created.

### FIFTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred because Defendants have not engaged in any type of infringement, and there is no actionable similarity between Plaintiffs' work and "Gatúbela."

**SIXTH AFFIRMATIVE DEFENSE**

85. Without admitting the use of any original and protectable copyrighted material allegedly owned by Plaintiffs, which is denied, Plaintiffs' claims fail because any alleged use of the original and protectable copyrighted elements of Plaintiffs' work was *de minimis*.

**SEVENTH AFFIRMATIVE DEFENSE**

86. Without admitting the alleged use of any original and protectable copyrighted material allegedly owned by Plaintiff, which is denied, the conduct of which Plaintiff complains constitutes fair use under 17 U.S.C. § 107.

**EIGHTH AFFIRMATIVE DEFENSE**

87. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

88. Plaintiffs are not entitled to any injunctive or equitable relief because, to the extent Plaintiffs have stated a viable claim against Defendants, Plaintiffs possess an adequate remedy at law; cannot establish irreparable harm; knowingly waited close to three years to bring this action; and cannot establish that the equities balance in their favor.

**TENTH AFFIRMATIVE DEFENSE**

89. Plaintiffs' claims are barred by the applicable statute of limitations, 17 U.S.C. § 507.

**ELEVENTH AFFIRMATIVE DEFENSE**

90. To the extent that Defendants are found to have engaged in infringement, which Defendants deny, Plaintiffs are precluded from recovering statutory damages or attorneys' fees based on their belated registration of the pertinent copyright registrations.

## TWELFTH AFFIRMATIVE DEFENSE

91. Plaintiffs' claims fail because any allegedly copied portions of Plaintiffs' work lie in the public domain.

## THIRTEENTH AFFIRMATIVE DEFENSE

92. To the extent that Defendants are found to have engaged in infringement, which Defendants deny, Defendants are innocent infringers.

## FOURTEENTH AFFIRMATIVE DEFENSE

93. Plaintiffs' claims are barred to the extent that Plaintiffs have engaged in copyright misuse and/or fraud on the Copyright Office.

## FIFTEENTH AFFIRMATIVE DEFENSE

94. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

95. Plaintiffs' claims are barred to the extent that Plaintiffs have not suffered any cognizable damages as none of the profits earned from "Gatúbela" are attributable to the alleged infringement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

96. Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have failed to name necessary and/or indispensable parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

97. Plaintiffs' claims are barred in whole or in part to the extent that they erroneously seek exterritorial application of the United States Copyright Act.

**RESERVATION OF RIGHTS**

98.  Defendants reserve the right to assert additional affirmative defenses in the event that a further investigation or discovery in this action reveals them to be proper.

**WHEREFORE**, Defendants respectfully request that the Court: (i) dismiss the Complaint in its entirety with prejudice; (ii) enter final judgment in favor of Defendants; (iii) award to Defendants their attorneys' fees, costs and expenses under the Copyright Act; and (iv) award any other relief that it deems just and proper.

Dated:  June 10, 2025

    Respectfully submitted,

    **PRYOR CASHMAN LLP**
    *Attorneys for UMG, Karol G, and DJ Maff*
    255 Alhambra Circle, 8th Floor
    Miami, Florida 33134
    Telephone No: (786) 582-3012

    By: /s/ *James G. Sammataro*
    James G. Sammataro
    Florida Bar No. 520292
    Brendan S. Everman
    Florida Bar No. 68702
    jsammataro@pryorcashman.com
    beverman@pryorcashman.com
    ksuarez@pryorcashman.com