UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-CV-80338-RLR/BER

JACK D. HERNANDEZ
d/b/a OCEAN VIBES, et al.

    Plaintiffs,

v.

UMG RECORDINGS, INC.
d/b/a UNIVERSAL MUSIC LATINO, et al.

    Defendants.
_____/

### DEFENDANT JULIO MANUEL GONZALEZ TAVÁREZ 'S MOTION TO DISMISS COMPLAINT [D.E.1]

COMES NOW, Defendant, JULIO MANUEL GONZALEZ TAVÁREZ ("Mr. Tavárez"), by and through its undersigned counsel, and hereby files this Motion to Dismiss Complaint [D.E. 1] against Mr. Tavárez pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof states as follows:

I.    INTRODUCTION

This case arises from Plaintiffs' allegations that the musical composition of the song *Gatúbela* infringes upon their purported copyright in an earlier work. Rather than carefully pleading specific facts to support viable claims against each named defendant, Plaintiffs' Complaint improperly lumps together six defendants, including Mr. Julio Manuel Gonzalez Tavárez ("Mr. Tavárez"), without identifying any concrete conduct by Mr. Tavárez that could give rise to liability under any recognized theory of copyright infringement.

The Complaint fails to allege that Mr. Tavárez created, selected, or had any control over the allegedly infringing musical elements of *Gatúbela*. Instead, Plaintiffs assert only that Mr.

Tavárez was one of the songwriters and producers of the song, without articulating how his conduct specifically relates to the alleged infringement. Plaintiffs further compound this pleading defect by improperly combining distinct legal theories—vicarious infringement and contributory infringement—into undifferentiated counts asserted against all defendants collectively, in clear violation of well-established Eleventh Circuit pleading standards.

Plaintiffs also assert a claim for declaratory judgment without identifying any specific controversy between themselves and Mr. Tavárez, or articulating any basis for declaratory relief as to him in particular. Like the other counts, this claim relies entirely on group allegations and speculative conclusions devoid of factual support.

Because the Complaint fails to state any plausible claim for relief against Mr. Tavárez and deprives him of fair notice of the allegations and legal grounds asserted, dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted.

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts view the complaint in the light most favorable to the plaintiff, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Likewise, "'naked assertion[s]' devoid of 'further factual

enhancement'" are insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 557). The plausibility standard in essence requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

   III.   <u>LEGAL ANALYSIS</u>

   a. <u>Plaintiff Impermissibly Lumps Distinct Claims Against Multiple Defendants into Single Counts</u>

Counts I, II and III of the Complaint against all Defendants amount to an improper "shotgun pleading" in violation of Fed. R. Civ. P. 8(a)(2) and 10(b). *See Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has condemned several categories of shotgun pleadings, including a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief," and a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1322–23; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief") and 10(b) (requiring, for the sake of clarity, that "each claim founded on a separate transaction or occurrence … must be stated in a separate count").

The Complaint here commits both errors. Plaintiffs assert three broad claims— (1) direct copyright infringement, (2) vicarious/contributory infringement, and (3) declaratory judgment— against all six Defendants collectively, without distinguishing the factual basis for each claim as to each defendant. Plaintiff even so fails to assert separate causes of action for vicarious infringement and contributory infringement. *(See* DE 1 at ¶¶ 66-73). The Complaint indiscriminately refers to "Defendants" as a group, without identifying the particular acts or omissions allegedly committed by Mr. Tavárez, as opposed to the acts of others.

Indeed, in the entire Complaint, Plaintiffs make only two conclusory allegations specifically mentioning Mr. Tavárez: (1) that he is "one of the songwriters and producers of the

music, lyrics, and sound recording for Gatúbela (D.E. 1 at ¶ 19) and (2) that he was copied on a pre-suit demand letter on September 27, 2024 (D.E. 1 at ¶ 44).

Beyond these bare assertions, the Complaint fails to set forth any concrete factual allegations explaining what Mr. Tavárez supposedly did to give rise to liability under any of the three Counts. There is no allegation of his role in the alleged copying, no identification of any specific conduct attributable to him, and no explanation of how he contributed to, benefited from, or controlled the allegedly infringing activity. To make matters worse, the Complaint does not even attempt to specify what conduct by Mr. Tavárez—if any—could subject him to liability under any of the asserted causes of action. As a result, the Complaint leaves Mr. Tavárez guessing as to the actual grounds for the claims brought against him.

This lack of clarity and specificity is precisely the type of pleading defect that *Weiland* seeks to avoid, and that the Eleventh Circuit has found warrants dismissal. 792 F.3d at 1323 (explaining that shotgun pleadings "fail to give defendants adequate notice of the claims against them and the grounds upon which each claim rests"). Without separating the factual basis for each claim and the specific role of each defendant, Plaintiffs' Complaint deprives Mr. Tavárez of fair notice and the opportunity to meaningfully respond.

Accordingly, because the Complaint impermissibly lumps distinct claims together against all Defendants without specifying what actions form the basis for the claims against Mr. Tavárez in particular, dismissal of Counts I, II, and III under Rule 12(b)(6) is appropriate.

      b. <u>Plaintiff fails to state a cause of action against Mr. Tavárez for Direct Copyright Infringement Under 17 U.S.C. § 101, *et seq*.</u>

A claim of copyright infringement requires that a plaintiff show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020). The Eleventh Circuit has

established the following two tests to determine personal liability for copyright infringement: "An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement. *Southern Bell Tel. & Tel. Co. v. Assoc. Telephone Directory Publishers*, 756 F.2d 801, 811 (11th Cir.1985). This is so even if the individual was "ignorant of the infringement." *Id*.

"The absence of intent to infringe is no defense; a defendant who directly infringes upon the exclusive rights of a copyright owner is liable even if the infringement was 'innocent' or 'accidental'." *Live Face on Web, LLC v. Tweople, Inc*., 2014 WL 12611358, at *2 (M.D. Fla. June 23, 2014) (citing *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992)) and *M.L.E. Music Sony/ATV Tunes, LLC v. Julie Ann's, Inc.*, 2008 WL 2358979, at *2 (M.D. Fla. June 9, 2008). While actual knowledge is not required to prove a claim for contributory copyright infringement, a plaintiff must show that the defendant had a reason to know that the material was copyrighted. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 846 (citing *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987).

However, while knowledge or intent is not required for direct liability, a threshold showing of volitional conduct is essential. Courts have held that a claim for direct liability requires evidence that the defendant directly or actively caused the infringement. *See, e.g., CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004) ("While the Copyright Act does not require that the infringer know that he is infringing or that his conduct amounts to a willful violation of the copyright owner's rights, it nonetheless requires conduct by a person who causes in some meaningful way an infringement.") (emphasis in original). Some courts describe this as requiring evidence of "volitional" conduct by the defendant. *E.g., Perfect 10, Inc. v. Giganews, Inc*., 847

5

F.3d 657, 666 (9th Cir. 2017) ("In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant."). But "the word 'volition' in this context does not really mean 'an act of willing or choosing' or an 'act of deciding' ... it 'simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability.'" *Id*. The requirement of volition "is not a judicially-created element of intent or knowledge; it is a basic requirement of causation. As its name suggests, direct liability must be premised on conduct that can reasonably be described as the direct cause of the infringement." *Id*. (emphasis in original).

Here, Plaintiffs' Complaint contains no factual allegations whatsoever that plausibly show Mr. Tavárez engaged in any volitional act that directly caused the alleged infringement. The sole focus of the infringement claim is the alleged copying of the musical beat or composition from Plaintiffs' work. (D.E. 1 at ¶43). The Complaint fails to allege that Mr. Tavárez created, selected, or controlled the use of the allegedly infringing beat. Instead, the Complaint merely lumps Mr. Tavárez together with other defendants as one of several "songwriters and producers" of the song Gatúbela (D.E. 1 at ¶19), without articulating any concrete conduct that ties him specifically to the creation or use of the infringing musical material. This type of undifferentiated, conclusory pleading is insufficient to properly allege the level of volitional conduct required to sustain a claim for direct copyright infringement.

Indeed, the Complaint's factual narrative centers almost entirely on DJ Maff as the individual who allegedly discovered Plaintiffs' work, created the beat, and transmitted it to others involved in the project. (D.E. 1 at ¶¶ 16, 20–23, 30–32)[1]. There are no allegations that Mr. Tavárez

---

[1] For clarity purposes, the undersigned is referring to paragraphs 16, 20, and 21 in page 8, paragraphs 22 and 23 in page 9, and paragraphs 30-32 in page 10 of the Complaint. Notably, the

participated in that process, exercised any control over the musical composition, or made any decisions regarding the inclusion of the allegedly infringing material. Plaintiffs' lack of specific allegations against Mr. Tavárez suggests that his involvement was limited to lyrics or performance contributions—elements that are not alleged to infringe Plaintiffs' copyrighted work. This deficiency is fatal to Plaintiffs' direct infringement claim in Count I as to Mr. Tavárez.

As numerous courts have recognized, mere association with the end product or participation in unrelated aspects of a creative work does not support direct infringement liability unless the defendant's actions actually result in the unauthorized use of protected material. *See CoStar Group, Inc* 373 F.3d at 550; *Perfect 10, Inc.* 847 F.3d at 666.

Direct liability for copyright infringement requires specific, affirmative conduct by the defendant that can reasonably be described as the proximate cause of the alleged infringement. *See Perfect 10, Inc.,* 847 F.3d at 666.  The Complaint alleges no such conduct by Mr. Tavárez. Absent any plausible allegation that Mr. Tavárez engaged in volitional conduct related to the allegedly infringing musical composition, the claim for direct copyright infringement in Count I of the Complaint cannot stand and should be dismissed under Rule 12(b)(6) against Mr. Tavárez.

    c. <u>Plaintiff fails to state a cause of action against Mr. Tavárez for Vicarious/Contributory Copyright Infringement</u>

In Count II of the Complaint, Plaintiffs improperly lump together two distinct theories of secondary copyright liability—vicarious infringement and contributory infringement—into a single cause of action, despite the fact that each claim requires the satisfaction of different legal elements. As discussed more in detail above, this type of collective pleading, without distinguishing the specific facts that would support one theory over the other, is itself grounds for

---

Complaint contains a numbering error: after Paragraph 30 on page 7, the paragraph numbering reverts to Paragraph 11.

dismissal. *See Weiland*, 792 F.3d at 1323 (condemning shotgun pleadings that fail to separate distinct claims into separate counts).

Even setting aside this procedural defect, Count II also fails on substantive grounds as to Mr. Tavárez. As detailed below, the Complaint contains no factual allegations that could plausibly establish either vicarious infringement or contributory infringement against Mr. Tavárez under the applicable legal standards. Accordingly, Count II should be dismissed against Mr. Tavárez in its entirety.

    i.    <u>Vicarious Infringement</u>

To prove a claim for vicarious infringement, a plaintiff must show that "the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer." *Metro–Goldwyn–Mayer Studios, Inc., v. Grokster, Ltd.*, 545 U.S. 913, 939 n. 9, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005). A prior finding of direct copyright infringement is a precondition to a finding of vicarious infringement; however, the defendant's knowledge of that direct infringement is not necessary. *So. Bell Tel. and Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir.1985).

The Complaint here is devoid of any factual allegations that could plausibly establish either prong of this test as to Mr. Tavárez. There are no alleged facts that Mr. Tavárez had any right or ability to control or supervise the creation, production, or distribution of the allegedly infringing musical composition. The Complaint identifies no contractual, managerial, or financial authority that would have given Mr. Tavárez power to oversee or influence the actions of the individuals—such as DJ Maff—who allegedly introduced the infringing material. Plaintiffs' allegations, at most, suggest that Mr. Tavárez contributed in some undefined artistic capacity, not that he exercised any

8

supervisory or decision-making authority over the use of the musical elements they claim were copied. In and of itself, this is insufficient to prove vicarious liability for a copyright infringement.

Secondly, Plaintiffs merely assert in conclusory fashion that all Defendants benefitted from the commercial success of *Gatúbela*, but they offer no facts suggesting that any alleged infringement of their musical work was the source of any specific profit to Mr. Tavárez. In fact, while Plaintiffs repeatedly reference the commercial success of *Gatúbela*—noting its chart-topping status, millions of streams, and widespread performances (*See* D.E. 1 ¶¶ 2, 23[2])—they do not allege any causal connection between the purported infringement and any specific financial benefit to Mr. Tavárez. This is fatal to Plaintiff's vicarious liability claim against Mr. Tavárez.

ii. Contributory Infringement

The Eleventh Circuit has stated the well-settled test for a contributory infringer as "'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Casella v. Morris, 820 F.2d 362, 365* (11th Cir.1987) (quoting *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971)); *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir.1984); *see also Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 437, 104 S.Ct. 774, 786, 78 L.Ed.2d 574 (1984) (The Supreme Court has defined a contributory infringer as one who "was in a position to control the use of copyrighted works by others and had authorized the use without permission from the copyright owner."); 3 *Nimmer on Copyright* § 12.04 (generally discussing contributory infringement). Furthermore, this court explicated that "[t]he standard of knowledge is objective: "Know, or have reason to know.'" *Casella*, 820 F.2d at 365 (quoting *Gershwin*, 443 F.2d at 1162). In the copyright context, knowledge means that either the alleged contributory

---

[2] For clarity purposes, the undersigned is referring to paragraph 23 in page 6 of the Complaint. Notably, the Complaint contains a numbering error: after Paragraph 30 on page 7, the paragraph numbering reverts to Paragraph 11.

9

infringer has actual knowledge or has reason to know of the infringing activity. *Casella*, 820 F.2d at 365.

Here, Plaintiffs allege no facts that could plausibly establish either element of contributory infringement as to Mr. Tavárez. First, the Complaint is entirely silent as to Mr. Tavárez's knowledge of the alleged infringement. Plaintiffs do not allege that Mr. Tavárez was aware of the existence of Plaintiffs' copyrighted work prior to the creation or release of *Gatúbela*. Nor do they allege that he knew or should have known that any portion of *Gatúbela* was allegedly derived from that work. In fact, the Complaint's own factual narrative focuses almost exclusively on the alleged conduct of DJ Maff as the person who discovered the beat, allegedly copied it, and introduced it into the project. (*See* D.E. 1 ¶¶ 16, 20–23, 30–32)[3]. There is no mention whatsoever of Mr. Tavárez playing any role in that process.

Furthermore, the Complaint fails to allege any facts suggesting that Mr. Tavárez materially contributed to any infringement. The Eleventh Circuit has made clear that contributory infringement requires an affirmative act of inducing, causing, or materially contributing to the primary infringing conduct. *Casella*, 820 F.2d at 365. Plaintiffs do not—and cannot—allege any facts indicating that Mr. Tavárez played any role in selecting, creating, approving, or perpetuating the use of the allegedly infringing beat or musical composition. The absence of any such allegations is fatal to their claim for contributory infringement as to Mr. Tavárez.

The threadbare assertions made by Plaintiff against Mr. Tavárez in paragraphs 19 and 44 of the Complaint are insufficient to establish —even at this stage— that Mr. Tavárez knew, should

---

[3] For clarity purposes, the undersigned is referring to paragraphs 16,20, and 21 in page 8, paragraphs 22 and 23 in page 9, and paragraphs 30-32 in page 10 of the Complaint. Notably, the Complaint contains a numbering error: after Paragraph 30 on page 7, the paragraph numbering reverts to Paragraph 11.

have known, or materially contributed to the alleged infringement. *See Twombly*, 550 U.S. 544, 555 (2007) (factual allegations must be enough to raise a right to relief "above the speculative level").

For all these reasons, Count II of the Complaint fails both procedurally and substantively as to Mr. Tavárez. Plaintiffs improperly conflate two distinct theories of liability—vicarious and contributory infringement— against all Defendants into a single undifferentiated count, depriving Mr. Tavárez of fair notice of the claims against him. Even if the Court were to overlook this pleading defect, the Complaint still fails to allege any facts that could plausibly establish either theory of liability as to Mr. Tavárez. Accordingly, Count II should be dismissed in its entirety as to Mr. Tavárez pursuant to Rule 12(b)(6).

    d. <u>Plaintiff fails to state a cause of action against Mr. Tavárez for Declaratory Judgment</u>

Count III of the Complaint seeks a declaratory judgment under 28 U.S.C. § 2201(a) that Plaintiffs are entitled to at least fifty percent (50%) of the publishing and other revenues derived from *Gatúbela*. This claim fails as to Mr. Tavárez for two independent reasons.

First, Plaintiffs do not allege a justiciable controversy <u>specific to Mr. Tavárez</u> that would support the issuance of a declaratory judgment. Consistent with the "cases" and "controversies" requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." *See Emory v. Peeler,* 756 F.2d 1547, 1551–52 (11th Cir.1985). "[T]o satisfy the case-or-controversy requirement, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346–47 (11th Cir. 1999).

Plaintiffs fail to allege any continuing relationship or specific ongoing conduct by Mr. Tavárez that would give rise to a future legal controversy between the parties. The request for declaratory relief merely repackages the infringement claims already asserted and fails to state any independent basis for prospective relief against Mr. Tavárez in particular.

Second, as discussed in detail above, the Complaint fails to allege any facts connecting Mr. Tavárez to the selection or use of the allegedly infringing musical material. In the absence of well-pled facts showing that Mr. Tavárez committed or contributed to the alleged infringement, there is no plausible basis for issuing a declaration against him regarding future rights or revenue entitlements tied to *Gatúbela*.

Accordingly, Count III of the Complaint should also be independently dismissed as to Mr. Tavárez for failure to state a claim under Rule 12(b)(6).

IV.   CONCLUSION

For the foregoing reasons, the Complaint fails to state any plausible claim for relief against Mr. Tavárez. Plaintiffs improperly lump multiple defendants and distinct legal theories into undifferentiated counts, depriving Mr. Tavárez of fair notice of the claims asserted against him. Each of the three Counts—direct infringement, vicarious/contributory infringement, and declaratory judgment—fails independently and collectively to allege any specific facts tying Mr. Tavárez to the infringing conduct at issue.

Accordingly, Mr. Tavárez respectfully requests that this Court dismiss the Complaint [D.E. 1] in its entirety as to him pursuant to Rule 12(b)(6), and grant such further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, on this 14th day of July 2025.

>**DMR LAW LLC**
>*Attorneys for Julio M. Gonzalez*
>1430 South Dixie Hwy.
>Ste. 314
>Miami, Florida 33146
>Telephone: (305) 548-8666
>Email: j.ramos@dmrpr.com
>
>By:  /s/ Juan C. Ramos-Rosado
>**Juan C. Ramos-Rosado, Esq.**
>Florida Bar No. 1002562

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/EF. I also certify that the foregoing documents is being served on this day to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notice of Electronic Filing.

>By:  /s/ Juan C. Ramos-Rosado
>**Juan C. Ramos-Rosado, Esq.**
>Florida Bar No. 1002562