**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-80338-DIMITROULEAS/REINHART**

JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D BEATS,

      Plaintiffs,

 -against-

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC LATINO,
CAROLINA GIRALDO NAVARRO a/k/a KAROL G,
EDWIN VASQUEZ VEGA a/k/a MALDY, MARVIN
HAWKINS RODRIGUEZ a/k/a DJ MAFF, JULIO
MANUEL GONZALEZ TAVAREZ a/k/a LENNY
TAVAREZ, and JUSTIN QUILES,

      Defendants.

_____/

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS
BY DEFENDANT JULIO MANUEL GONZALEZ TAVÁREZ a/k/a LENNY TAVÁREZ**

---

Neil B. Solomon, Esq.
McLAUGHLIN & STERN PLLC
525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401
Tel.: (561) 659-4020
nsolomon@mclaughlinstern.com

McLAUGHLIN & STERN, LLP
Chester R. Ostrowski, Esq.*
260 Madison Avenue
New York, NY 10016
Tel.: (212) 448-1100
costrowski@mclaughlinstern.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

Plaintiffs Jack D. Hernandez d/b/a Ocean Vibes Music Publishing and Dick Alfredo Caballero Rodriguez a/k/a Alfr3d Beats (collectively, "<u>Plaintiffs</u>") hereby file this memorandum of law in opposition to the Motion to Dismiss **[D.E. 27]** ("<u>Motion</u>") filed on behalf of Defendant Julio Manuel Gonzalez Tavárez a/k/a Lenny Tavárez ("<u>Tavárez</u>").[1]

## PRELIMINARY STATEMENT

The critical flaw running throughout Tavárez's Motion is his impermissible effort to impose a heightened pleading standard with respect to Plaintiffs' claims, which are all rooted in apparent copyright infringement. Indeed, Tavárez repeatedly argues that the Complaint fails to include "specific facts," or the requisite "specificity," regarding "concrete conduct" by Tavárez "in particular." However, the case law is clear that there is no heightened pleading requirement with respect to copyright claims, and, in fact, courts in the Eleventh Circuit have recognized that, copyright infringement claims, by their very nature, involve facts that are "often not known with precision at the pleading stage." Compounding his flawed view as to the applicable legal standards, Tavárez also relies upon self-serving mischaracterizations and gratuitously narrow constructions of Plaintiffs' allegations, all of which should be flatly rejected.

Ultimately, when the correct legal standards are applied, it is clear that the Motion should be denied, and Plaintiffs should be entitled to proceed on each of their well-pleaded claims against Tavárez in the Complaint.[2]

## LEGAL ARGUMENT

### I. THE DISMISSAL STANDARD

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint **[D.E. 1]** ("<u>Compl.</u>").

[2] Tellingly, three other named defendants have appeared in this action and answered the Complaint, without challenging its sufficiency pursuant to Fed. R. Civ. P. 12(b)(6). **[D.E. 18].**

When evaluating a motion to dismiss a complaint under Rule 12(b)(6), a court must view the allegations in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  The plaintiff must plead "only enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Thus, to withstand Rule 12(b)(6) scrutiny, a complaint need not set forth "detailed factual allegations" in support of the claims.  *Id*. at 555.

In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. at 556 (internal quotations omitted).  Consequently, motions to dismiss "are generally viewed with disfavor and rarely granted."  *Klaskala v. U.S. Dep't of Health & Hum. Servs.*, 889 F. Supp. 480, 483 (S.D. Fla. 1995) (Graham, J.).  Moreover, there are no heightened pleading requirements applicable to the present action.  *See*, *e.g.*, *Stripteaser, Inc. v. Strike Point Tacke, LLC*, No. 13-62742-CIV-ALTONAGA, 2014 U.S. Dist. LEXIS 28091, at *8-9 (S.D. Fla. Mar. 5, 2014) (Altonaga, J.); *Ordonez-Dawes v. Turnkey Props., Inc.*, No. 06-60557-CIV, 2007 U.S. Dist. LEXIS 25441, at *8 (S.D. Fla. Apr. 4, 2007) (Marra, J.).

Based on the foregoing, and for the reasons set forth more fully below, Plaintiffs' Complaint readily satisfies the plausibility standard set forth in *Twombly* and its progeny, and Plaintiffs should be permitted to proceed on all of the claims asserted against Tavárez.

## II.   THE COMPLAINT IS NOT AN IMPERMISSIBLE "SHOTGUN PLEADING."

The contention that the Complaint filed by Plaintiffs in this case is an impermissible "shotgun pleading" **[D.E. 27, Motion, pp. 3-4]** is patently without merit.   "A true shotgun

pleading is 'calculated to confuse the enemy, and the court,' by weaving claims together such that it is impossible for the opposing party to 'discern what [the plaintiff] is claiming and frame a responsive pleading . . . .'" *Hernandez v. Careersource Palm Beach Cnty., Inc.*, No. 23-12285, 2025 U.S. App. LEXIS 13212, at *6 (11th Cir. May 30, 2025) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).   Furthermore, while the U.S. Court of Appeals for the Eleventh Circuit has recognized that a complaint may be considered a "shotgun pleading" when it fails to "separat[e] into a different count each cause of action or claim for relief," dismissing a complaint on such grounds is only "appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* (citing *Weiland*, 792 F.3d at 1325) (emphasis in original).

Similarly, although a complaint may be considered a "shotgun pleading" where it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," dismissal of such a complaint is only appropriate where "it is improbable that *all* defendants are responsible for the alleged conduct."   *Graux v. Universal Music Grp., Inc.*, No. 24-cv-25083-BLOOM/ELFENBEIN, 2025 U.S. Dist. LEXIS 108468, at *6-10 (S.D. Fla. June 6, 2025) (Bloom, J.) (citations omitted) (emphasis in original).   "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (quoting *Weiland*, 792 F.3d at 1323).

In this case, Tavárez argues, in sum and substance, that the Complaint should be dismissed because: (i) it "commits the sin of not separating" Plaintiffs' claims for *vicarious* copyright infringement and *contributory* copyright infringement into separate counts; and (ii) it improperly

lumps Tavárez together with all of the other Defendants.  **[D.E. 27, Motion, pp. 3-4]**.

      With respect to the former, the Complaint is clearly sufficient to put Tavárez on notice of Plaintiffs' claims for both vicarious copyright infringement and contributory copyright infringement and the grounds upon which each claim rests.  Tellingly, Tavárez identifies the elements of both types of indirect infringement claim in his Motion.  **[D.E. 27, Motion, pp. 7-11].** It is precisely those elements that Plaintiffs' factual allegations address, as set forth in further detail in Point IV *infra*.

      The failure to separate the vicarious copyright infringement claim from the contributory copyright infringement claim is also wholly inconsequential in any event since "[t]he Eleventh Circuit recognizes that there are no strict distinctions between the various theories of liability [under the Copyright Act]," and, thus, "on [a] Motion to Dismiss, the Court must consider whether the Complaint states a valid claim against Defendant [] *under any theory of copyright liability*." *Graux*, 2025 U.S. Dist. LEXIS 108468, at \*11-12 (citations omitted) (emphasis added).  "This is not an instance where Plaintiff has combined its copyright infringement claim with an altogether different claim, say for example, breach of contract." *Glob. Music Rts., LLC v. Southern Stone Communs., LLC*, No. 6:22-cv-1792-PGB-RMN, 2023 U.S. Dist. LEXIS 65194, at \*6-7 (M.D. Fla. Apr. 13, 2023) (finding that complaint was not an impermissible "shotgun pleading" even though it combined multiple claims of infringement against two different defendants into a one-count complaint).  Rather, the Complaint merely combines two closely related and somewhat overlapping claims of indirect copyright infringement into the same count.  Of course, if failing to separate these two claims into separate counts is a fatal deficiency, as Tavárez argues, this can be easily remedied through the filing of an Amended Complaint (although, in Plaintiffs' view, such an exercise would be a wasteful and unnecessary).

With respect to the second prong of Tavárez's "shotgun pleading" argument, the Complaint in this case "can be fairly read to aver that *all defendants* are responsible for the alleged conduct." *Id.* at *10 (quoting *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000)) (emphasis added). Thus, the "fact that [D]efendants are accused collectively does not render the complaint deficient." *Id.* Nor is there any merit to Tavárez's argument that the Complaint fails to adequately allege his individual "role in the alleged copying," "any specific conduct attributable to him," or an "explanation of how he contributed to, benefited from, or controlled the allegedly infringing activity." **[D.E. 27, Motion, p. 4]**.

In fact, regarding Tavárez in particular, it is alleged and seemingly undisputed that he was "one of the songwriters and producers of the music, lyrics, and sound recording for *Gatúbela.*" **[D.E. 1, Compl. ¶ 19]**. The Court can infer that Tavárez, as a songwriter and producer, *created, selected, and/or had some control* over the musical elements of *Gatúbela* and that the "particular acts" committed by Tavárez include those acts typically engaged in by a "songwriter" and "producer" of a song.

Significantly, in *Graux*, Judge Bloom aptly rejected essentially the same argument advanced by Tavárez here, finding that the amended complaint in that case was "not a shotgun pleading" because, although two of the counts were asserted against *all defendants*, each defendant – including the moving defendant – was "alleged to have contributed to the writing and production of the songs at issue." *Graux*, 2025 U.S. Dist. LEXIS 108468, at *10. Since the pleading alleged that the moving defendant was credited as a "writer and producer" of both allegedly infringing songs, it gave the moving defendant "adequate notice of the claims brought against him." *Id.* at *10-11.

Going a step further, just like a market's product and geographic dimensions in an antitrust

5

case, the *specific involvement* of each songwriter, performer, composer, and producer defendant in a musical copyright case presents "questions of fact that often require discovery to precisely articulate and need not be pled with specificity." *Omni Healthcare, Inc. v. Health First, Inc.*, No. 6:13-cv-1509-Orl-37DAB, 2015 U.S. Dist. LEXIS 7284, at *38 (M.D. Fla. Jan. 22, 2015) (citations omitted). Indeed, since such specific facts would be almost impossible for an aggrieved plaintiff to know at the pleading stage and without discovery, the type of standard Tavárez espouses, would be the death knell for virtually every musical copyright claim and would turn existing musical copyright jurisprudence on its head. *See*, *e.g.*, *Stripteaser*, 2014 U.S. Dist. LEXIS 28091, at *8-9 (citations omitted) (declining to impose heightened pleading standard for copyright infringement claims and recognizing that the exact date of copying or first infringement is "often not known with precision at the pleading stage"); *Ordonez-Dawes*, 2007 U.S. Dist. LEXIS 25441, at *8 (denying motion to dismiss copyright infringement claim and recognizing that, at the motion to dismiss stage, "it is improbable Plaintiff would be able to describe with any further particularity how and when the Defendants disseminated the [copyrighted] pictures to third parties" and that, "[u]nless Plaintiff [was] privy to Defendants' actions, Plaintiff would be unable to pinpoint the specific acts which transpired between Defendants and the third parties, nor the timing of those acts"); *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, No. 8:08-cv-1227-T30EAJ, 2009 U.S. Dist. LEXIS 35025, at *6 (M.D. Fla. Apr. 8, 2009) ("Copyright infringement does not require a heightened standard of pleading because it does not fall into the exception to Rule 8 of the [Federal Rules of Civil Procedure].").

Stated differently, at the pleading stage, factual allegations regarding musical copyright infringement simply do not need to be as precise as Tavárez contends. Instead, "a plaintiff's allegations are sufficient if a court can reasonably infer" some level of knowledge, control,

involvement, and/or relevant benefit by each defendant.  *See*, *e.g.*, *Lopez v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:22-cv-1580-PGB-LHP, 2023 U.S. Dist. LEXIS 197183, at *25 (M.D. Fla. July 12, 2023) (citations omitted); *see also Mayer v. Carnival Corp.*, 731 F.Supp.3d 1316, 1325 (S.D. Fla. 2024) (citations omitted) (denying motion to dismiss second amended complaint where it did not "lack [] the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure," and, therefore, was "not a shotgun pleading"); *Bentancourt v. Sanchez*, No. 24-22121-CIV-WPD, 2025 U.S. Dist. LEXIS 101000, at *10-11 (S.D. Fla. May 27, 2025) (Dimitrouleas, J.) (declining to dismiss third amended complaint as "shotgun pleading" since, as amended, the pleading gave defendants on "clear notice" about what plaintiff was alleging).

Based on any fair reading of the Complaint, and in light of the existing case law, the notion that Tavárez has been deprived of "fair notice of the allegations and the legal grounds asserted" against him is disingenuous at best.  Plaintiffs' factual allegations and claims for relief are clear, unambiguous, and relatively concise.  If it becomes apparent, through discovery, that there is absolutely no basis to impose any liability on Tavárez personally, then he will have the opportunity to seek dismissal of the claims at the summary judgment stage, or Plaintiffs will have no choice but to dismiss the claims against him at that time.  For now, the Court should reject the contention that the Complaint is a "shotgun pleading" and deny the Motion accordingly.

## III.   PLAINTIFFS HAVE STATED A CLAIM FOR DIRECT COPYRIGHT INFRINGEMENT.

To state a claim for direct copyright infringement upon which relief may be granted, a plaintiff must properly allege only two elements: "(1) ownership of a valid copyright; and (2) copying of the constituent elements of the work that are original."  *Feist Publications, Inc. v. Rural Telephone Service Company*, 499 U.S. 340, 361 (1991); *see also Herzog v. Castle Rock*

*Entertainment*, 193 F.3d 1241, 1247-48 (11th Cir. 1999).  It is beyond any reasonable dispute that Plaintiffs own a valid copyright with respect to Plaintiffs' Work; and Tavárez does not even argue that the Complaint fails to adequately allege "copying" of original elements (for the obvious reason that the pleading sets forth ample facts, which, when assumed as true as required on a motion to dismiss clearly establish both Defendants' "reasonable opportunity to access" Plaintiffs' Work and "substantial similarity" between Plaintiffs' Work and the infringing song, *Gatúbela*).  *See*, *e.g.*, *Herzog*, 193 F.3d at 1248 (quoting *Benson v. Coca-Cola Co.*, 999 F.2d 1436, 1440 (11th Cir. 1986), *reh'g denied,* 801 F.2d 404 (11th Cir. 1986) (*en banc*)); *Watt v. Butler*, 457 F. App'x 856, 859 (11th Cir. 2012).

Tavárez is, therefore, relegated to arguing that Plaintiffs have failed to argue "concrete conduct that ties him specifically to the creation or use of the infringing musical material" **[D.E. 27, Motion, p. 6]**.  This argument is unavailing for several reasons.

First, Tavárez acknowledges that the Complaint contains a factual narrative regarding his co-Defendant DJ Maff's discovery of Plaintiffs' Work, creation of an infringing beat, and transmission of that beat "to others involved in the project." **[D.E. 27, Motion, p. 6]**.  The "others involved in the project" would presumably *include* Tavárez himself in his capacity as a producer of *Gatúbela*.  Second, as Tavárez recognizes in his Motion, an individual may be subject to personal liability for direct copyright infringement even if he or she was "ignorant of the infringement" and even if the infringement was "innocent" or "accidental." **[D.E. 27, Motion, p. 5]** (citations omitted).  Third, despite Tavárez's claim to the contrary, Plaintiffs do not in any way suggest that Tavárez's "involvement was limited to lyrics or performance contributions." **[D.E. 27, Motion, p. 7]**.  Rather, it is alleged that, in additional to being a songwriter, Tavárez was a producer, whose role, generally speaking, would be to oversee and manage the creation of a

musical recording.  In that supervisory or managerial capacity, it is not only *possible* that Tavárez engaged in conduct "[tying] him specifically to the creation or use of the infringing musical material," but it is *plausible* (if not likely), too.  No more is required to survive the Motion under the applicable legal standards.

In point of fact, in *Graux*, this Court recently denied a motion to dismiss copyright claims pursuant to Rule 12(b)(6) where the pleading alleged that the moving defendant "had access to [plaintiff's] guitar loops that were ultimately used in the unauthorized works of which [the moving defendant] was a writer and a producer."  *Graux*, 2025 U.S. Dist. LEXIS 108468, at *13-15.  Under the circumstances, the Court in *Graux* found that it was immaterial that the pleading did not "specifically allege that [the moving defendant] participated in the alleged infringement" – which was a tacit rejection of the heightened pleading standard advocated for by the defendant.  *Id.* Similarly, in *Ordonez-Dawes*, this Court recognized that, at the motion to dismiss stage, "it is improbable Plaintiff would be able to describe with any further particularity *how and when* the Defendants disseminated the [copyrighted] pictures to third parties" and that, "[u]nless Plaintiff [was] privy to Defendants' actions, Plaintiff would be unable to pinpoint the *specific acts which transpired* between Defendants and the third parties, *nor the timing of those acts*."  *Ordonez-Dawes*, 2007 U.S. Dist. LEXIS 25441, at *8 (emphasis added).  Based on this inherent lack of detailed information on the part of copyright plaintiffs, the Court in *Ordonez-Dawes* denied a motion to dismiss the plaintiff's copyright infringement claims.   *Id.*

So, too, in this case, Plaintiffs have sufficiently alleged access, and, without the benefit of discovery, it would be virtually impossible for them to be any more specific about the *precise role each* credited songwriter, performer, composer, and producer played with respect to the alleged infringement.  "[T]he Court would be moving too quickly and too far it if were to dismiss the

claims at this time. . . . These claims require discovery." *Olson v. Takeda Pharms. Am., Inc.*, No. 8:23-cv-590-TPB-CPT, 2024 U.S. Dist. LEXIS 11394, at *6 (M.D. Fla. Jan. 23, 2024).[3]  The Motion should, therefore, be denied.

## IV.   PLAINTIFFS HAVE STATED CLAIMS FOR INDIRECT COPYRIGHT INFRINGEMENT.

"A contributory copyright infringer is one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Ordonez-Dawes*, 2007 U.S. Dist. LEXIS 25441, at *8-9 (citing *Greenberg v. Nat'l Geographic Soc.*, 244 F.3d 1267, 1271 n.6 (11th Cir. 2001)) (additional citations omitted).  In a somewhat different, but related manner, "[a] vicarious infringer profits from the 'direct infringement while declining to exercise the right to stop it or limit it.'"  *Ordonez-Dawes*, 2007 U.S. Dist. LEXIS 25441, at *9 (quoting *Metro-Goldwyn Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 914 (2005)).

As a credited songwriter and producer of *Gatúbela*, it is seemingly beyond dispute that Tavárez *caused or materially contributed* to the completion and publication of the allegedly infringing song.  Moreover, it can be inferred that, in his capacity as a producer, Tavárez had the ability to supervise and control the *production* of the song and thereby stop or limit the infringing activity in the event he knew about it.  Plaintiffs also allege that Tavárez, like all other named

---

[3]Tavárez's argument as to the necessity of alleging "volitional conduct" is also misplaced since the cases on which he relies are from outside the Eleventh Circuit and are factually distinguishable in any event.  **[D.E. 27, Motion, pp. 5-6]**.  In *Metal Morphosis, Inc. v. Acorn Media Publ., Inc.*, 639 F.Supp.2d 1367 (N.D. Ga. 2009), the U.S. District Court for Northern District of Georgia appropriately recognized that "defendants in those cases do not commit infringement because they [are] mere conduits for information."  *Id.* at 1372; *see also Live Face on Web, LLC v. Tweople, Inc.*, No. 6:14-cv-44-Orl-22TBS, 2014 U.S. Dist. LEXIS 191889, at *9-10 (M.D. Fla. June 23, 2014) (recognizing that "volitional conduct" argument "relies on a line of cases dealing with websites or other internet services that allow third-party uses to exchange digital content that may infringe existing copyrights").  Here, however, Tavárez's role was clearly more be more than a "mere conduit."  Since he is alleged to have "engaged in conduct which contributed to the infringement (even if innocently)," the claims against him should survive a motion pursuant to Rule 12(b)(6).  *See Metal Morphosis*, 639 F.Supp.2d at 1372.

Defendants, has "derived an obvious and direct financial benefit from the infringement and exploitation of Plaintiffs' copyrighted work, including, without limitation, through revenue sharing and/or royalty payments."  **[D.E. 1, Compl. ¶ 68]**.

Although Plaintiffs are admittedly uncertain as to whether Tavárez – if not a direct infringer – was a "contributory" infringer or a "vicarious" infringer, Plaintiffs need not *specify* one or the other at this stage in the proceedings.  *Graux*, 2025 U.S. Dist. LEXIS 108468, at *13-15.  Tavárez *is on notice* that Plaintiffs allege, to the best of their knowledge, understanding, and belief, that he falls into one of these categories of copyright infringers.  Thus, as the Court found based on similar allegations in *Ordonez-Dawes*, "both contributory and vicarious liability have also been sufficiently pled"; "the allegations are sufficient to 'give the defendant *fair notice* of what the plaintiff's claim is and the ground upon which it rests'"; and "[f]urther exploration of these theories of liability are more aptly dealt with through discovery." *Ordonez-Dawes*, 2007 U.S. Dist. LEXIS 25441, at *9-10 (citing Fed. R. Civ. P. 8(a)) (emphasis added).  "If they cannot be supported with record evidence, [Tavárez] may move for summary judgment," *id.*, or Plaintiff may be compelled to voluntarily dismiss one or more of the claims against him at that time.

## V.   PLAINTIFFS HAVE STATED A CLAIM FOR DECLARATORY JUDGMENT.

Like their direct and indirect copyright infringement claims, Plaintiffs' declaratory judgment claim should survive as to Tavárez.  Plaintiffs allege that failure and refusal of all Defendants, including Tavárez, to recognize Plaintiffs' rights and legal interests is continuing and that Plaintiffs face a definite threat of future injury if Defendants, including Tavárez, continue to their infringement without crediting or compensating Plaintiffs accordingly.  **[D.E. 1, Compl. ¶¶ 75-78]**.  Although Tavárez has not yet answered the Complaint, it appears from his Motion that he generally denies Plaintiffs' claims and factual allegations.  As such, an "actual controversy" exists

between Plaintiffs and Tavárez.

Despite his unsupported suggestion otherwise **[D.E. 27, Motion, pp. 11-12]**, there is no need for Plaintiffs to allege any "continuing relationship" between the parties in a case such as this.  Indeed, there was no "relationship" between the parties previously, and there is no expectation of any "relationship" in the future.  Nevertheless, there is "specific ongoing conduct" by Defendants, including Tavárez, that would give rise to future legal controversy – *i.e.*, Defendants' continued commercial exploitation of *Gatúbela* without credit or compensation to Plaintiffs.

Thus, unless Tavárez demonstrates – *through discovery* – that he is no longer credited for his contributions to *Gatúbela* and that he has no continuing financial interest in *Gatúbela*, there is most certainly a "plausible basis for issuing a declaration against [Tavárez] regarding future rights or revenue entitlements tied to *Gatúbela*" **[D.E. 27, Motion, p. 12]** in the event Plaintiff's allegations  are true (which they are assumed to be for purposes of this Motion as a matter of law). Ultimately, the "claim for declaratory relief serves to ensure that the parties will actually litigate the validity of the copyright [claims] . . . adds nothing to [Tavárez's] burden," and "[n]o additional specificity is required." *Home Design Servs. v. Westerheim Props.*, No. 3:13-cv-154/MCR/EMT, 2013 U.S. Dist. LEXIS 193513, at \*9 (N.D. Fla. Sept. 10, 2013) (citations omitted) (denying motion to dismiss copyright infringement claim under Rule 12(b)(6).

## CONCLUSION

For all of the reasons explained above, Plaintiffs have satisfied their burdens at the pleading stage pursuant to Rule 12(b)(6) and the Motion should be denied in all respects.  Furthermore, while Plaintiffs reject the argument that they have not met their pleading burdens, based on the foregoing, if the Court finds that there are deficiencies in the Complaint, Plaintiffs should be

afforded ample opportunity to file and serve an Amended Complaint. *See*, *e.g.*, Fed. R. Civ. P. 15

(stating the axiomatic rule that the court "should freely give leave [to amend] when justice so

requires).

Dated: West Palm Beach, FL
       August 11, 2025

McLAUGHLIN & STERN PLLC

By:    */s/ Neil B. Solomon*
        Neil B. Solomon, Esq.

525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401
Tel.: (561) 659-4020
nsolomon@mclaughlinstern.com

McLAUGHLIN & STERN, LLP
Chester R. Ostrowski, Esq.*
Charles F. Kellett, Esq.*
260 Madison Avenue
New York, NY 10016
Tel.: (212) 448-1100
costrowski@mclaughlinstern.com
ckellett@mclaughlinstern.com
* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs Jack D. Hernandez*
*d/b/a Ocean Vibes Music Publishing and*
*Dick Alfredo Caballero Rodriguez a/k/a*
*Alfr3d Beats*