UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80338-CIV-DIMITROULEAS

JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D BEATS,

        Magistrate Judge Reinhart

    Plaintiffs,

vs.

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC LATINO,
CAROLINA GIRALDO NAVARRO a/k/a KAROL G,
EDWIN VASQUEZ VEGA a/k/a MALDY, MARVIN
HAWKINS RODRIGUEZ a/k/a DJ MAFF, JULIO
MANUEL GONZALEZ TAVAREZ a/k/a LENNY
TAVAREZ, and JUSTIN QUILES,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT JULIO MANUEL GONZALEZ TAVÁREZ 'S MOTION TO DISMISS COMPLAINT

THIS CAUSE is before the Court upon Defendant JULIO MANUEL GONZALEZ TAVÁREZ ("Tavarez")'s Motion to Dismiss Plaintiff's Complaint [DE 27]. The Court has carefully considered the Motion [DE 27], Plaintiffs Jack D. Hernandez d/b/a Ocean Vibes Music Publishing and Dick Alfredo Caballero Rodriguez a/k/a Alfr3d Beats (collectively, "Plaintiffs")'s Response [DE 34], Defendant Tavarez's Reply [DE 35], and is otherwise fully advised in the premises.

1

I. **BACKGROUND**

Plaintiffs filed this action on March 12, 2025, alleging claims against all Defendants UMG Recordings, Inc. d/b/a Universal Music Group d/b/a/ Universal Music Latino ("UMG"), Carolina Giraldo Navarro a/k/a Karol G ("Karol G"), Edwin Vasquez Vega a/k/a Maldy ("Maldy"), Marvin Hawkins Rodriguez a/k/a DJ Maff ("DJ Maff"), Julio Manuel Gonzalez Tavárez a/k/a Lenny Tavárez ("Tavárez"), and Justin Quiles ("Quiles"), collectively, for Copyright Infringement – 17 U.S.C. § 101, *et seq.* (Count I), Vicarious/Contributory Copyright Infringement (Count II), and Declaratory Action (Count III). *See* [DE 1]. On July 14, 2025, Defendant Tavarez filed the instant Motion to Dismiss. *See* [DE 27]. On August 4, 2025, this case was randomly reassigned to the undersigned. *See* [DE 32]. Plaintiff voluntarily dismissed Defendants Edwin Vasquez Vega a/k/a Maldy and Jusin Quiles on September 16, 2025. *See* [DE 41].

Defendant Tavarez's Motion to Dismiss argues that the Complaint must be dismissed in its entirety as to Tavarez pursuant to Fed. R. Civ. P. 12(b)(6). Tavarez contends that the Complaint fails to state any plausible claim for relief against Tavárez because Plaintiffs improperly lump multiple defendants and distinct legal theories into undifferentiated counts, depriving Tavarez of fair notice of the claims asserted against him. For the reasons explained below, the Court agrees with Defendant Tavarez that the Complaint fails to set forth sufficient facts as to Defendant Tavarez to state a claim against him as to any of the three counts. Accordingly, the Court will dismiss the Complaint as to Defendant Tavarez P. pursuant to Rule 12(b)(6).

2

II. **STANDARD OF REVIEW**

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

III. **DISCUSSION**

Defendant Tavarez contends that Plaintiffs impermissibly lump all of the Defendants together throughout the Complaint in an improper shotgun format, in violation of Fed. R. Civ. P. 8(a)(2) and 10(b) and, moreover, that the Complaint fails entirely to allege sufficient facts against Defendant Tavarez that are sufficient to plead liability for any of the three claims against him. Upon a careful review of the Complaint, the Court agrees with Defendant Tavarez that the

Complaint fails to state a claim against Tavarez as to any of the three claims. First, Plaintiffs' failure to separately allege facts and claims as to Defendant Tavarez violates Rule 8 and *Twombly/Iqbal*, requiring dismissal of the Complaint without prejudice as to Defendant Tavarez. *See Naftali v. Capasso*, 2015 WL 4483995, at *4 (S.D. Fla. July 22, 2015) ("When a complaint indiscriminately lumps all defendants together it fails to comply with Rule 8.") (quoting *Joseph v. Bernstein*, 2014 WL 4101392, at *3 (S.D. Fla. Aug. 19, 2014). The Eleventh Circuit has explained that "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is improper. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, the Complaint alleges only two allegations that even mention Defendant Tavarez:

- "Upon information and belief, Tavárez is an individual domiciled and residing in Doral, Florida, and is one of the songwriters and producers of the music, lyrics, and sound recording for Gatúbela."
- "On or about September 27, 2024, Plaintiffs, through their counsel, notified Defendants of the infringement by letter addressed to UMG and copying, *inter alia*, the booking and management agents for Karol G, Maldy, DJ Maff, and Tavárez (the 'Pre-Suit Notice and Demand')."

[DE 1] at ¶¶19, 44. These allegations do not come close to meeting the applicable pleading standards to state a claim as to Defendant Tavarez under any copyright infringement theory raised by the Complaint. The Complaint fails to set forth factual allegations stating what conduct Defendant Tavarez personally engaged in that could subject him to liability. Plaintiffs relies heavily in its Response on *Graux v. Universal Music Grp., Inc.*, No. 24-CV-25083, 2025 WL

4

1634736, at *3 (S.D. Fla. June 9, 2025), in which the district court denied an individual defendant's motion to dismiss a copyright case as to him on the grounds that the complaint was a shotgun pleading because it impermissibly lumped together allegations against all defendants. *See* [DE 34]. However, *Graux* is readily distinguishable, as the operative copyright infringement complaint in that case included significant factual allegations of conduct by the individual defendant who had sought dismissal of the complaint, including numerous factual allegations that that individual defendant had contacted the plaintiff asking him for guitar loops, that plaintiff had provided guitar loops to that individual defendant, that plaintiff and the individual defendant met in Miami to collaborate in studio together, and that plaintiff and the individual defendant continued contact after the collaboration regarding using plaintiff's guitar loops. *See Graux v. Universal Music Grp., Inc.*, Case no. 1:24-cv-25083-BB at [DE 42]. Here, in contrast, the Complaint fails to give Defendant Tavarez adequate notice of the factual grounds upon which each claim brought against him rests. As the Complaint is only conclusory and collective as to Defendant Tavarez, the Court will dismiss the Complaint as him for failure to state a claim.

## IV. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Tavarez's Motion to Dismiss [DE 27] is hereby **GRANTED**;
2. The Complaint [DE 1] is **DISMISSED** as to Defendant Tavarez pursuant to Fed. R. Civ. P. 12(b)(6);
3. Plaintiff is granted leave to file an amended complaint, consistent with this Order, on or before **October 9, 2025**; a failure to do so shall result in the case proceeding as to

the remaining three Defendants.[1]

**DONE AND ORDEED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of September, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] The Court notes that if Plaintiffs do not have sufficient facts to attempt to amend its pleading as to Defendant Tavarez at this time, they may be able to do so by motion later during discovery if they are able to show good cause pursuant to Fed. R. Civ. P. 16(b)(4) to add a party after the expiration of the September 1, 2025 Scheduling Order deadline to add parties and amend pleadings.