UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.:1:25-cv-80338-DIMITROULEAS/REINHART

JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D BEATS,

    Plaintiffs, (Pro Se)

v.

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC LATINO,
CAROLINA GIRALDO NAVARRO a/k/a KAROL G,
EDWIN VASQUEZ VEGA a/k/a MALDY,
MARVIN HAWKINS RODRIGUEZ a/k/a DJ MAFF,
JULIO MANUEL GONZALEZ TAVAREZ a/k/a
LENNY TAVÁREZ, and JUSTIN QUILES,

    Defendants.
_____/



## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RULE 56(d) MOTION TO DEFER OR DENY

Plaintiffs, proceeding pro se, respectfully oppose Defendants' Motion for Summary Judgment (D.E. 69) and move under **Federal Rule of Civil Procedure 56(d)** for denial or deferral of summary judgment because Defendants rely on disputed, unauthenticated evidence and because discovery has not been completed.

### I. SUMMARY JUDGMENT IS PREMATURE AND IMPROPER

Summary judgment may not be granted where material facts remain disputed or where the non-moving party has not had a fair opportunity to conduct discovery.

See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843–44 (11th Cir. 1989).

Here, both conditions exist.

## II. DEFENDANTS RELY ON UNAUTHENTICATED AND SELF-SERVING WHATSAPP EVIDENCE

Defendants' motion relies heavily on alleged WhatsApp messages purportedly exchanged between DJ Maff and third parties to establish independent creation and timing.

Plaintiffs object to this evidence because:

1. The messages are not authenticated under Fed. R. Evid. 901;
2. No third-party custodian (e.g., Meta / WhatsApp) has verified their origin, metadata, or integrity;
3. The messages are self-serving statements, created and controlled by Defendants;
4. Plaintiffs have had no opportunity to inspect the original devices, WhatsApp server logs, or forensic extractions; and
5. Screenshots or transcripts alone are insufficient to establish authenticity at summary judgment, particularly where intent, timing, and credibility are disputed.

Courts routinely reject unauthenticated digital communications at the summary judgment stage where authenticity is contested and discovery is incomplete.

## III. DISCOVERY IS NOT COMPLETE — RULE 56(d) APPLIES

Defendants' motion is also improper because discovery is ongoing and incomplete.

Under Rule 56(d), summary judgment must be denied or deferred where the non-movant shows that it cannot present essential facts because discovery has not been completed.

Here, Plaintiffs have not yet obtained:

- Native FL Studio project files
- Original devices used to create the alleged beat
- Forensic metadata verified by a neutral or third-party examiner
- WhatsApp server-side records from Meta
- Deposition testimony of Defendants and key collaborators
- Full expert discovery and rebuttal expert analysis

All of this evidence is exclusively within Defendants' possession and control.

Granting summary judgment now would severely prejudice Plaintiffs and deny them a fair opportunity to test the factual claims Defendants rely upon.

## IV. MATERIAL FACTUAL DISPUTES PRECLUDE SUMMARY JUDGMENT

Even aside from discovery deficiencies, genuine disputes remain regarding:

- The authenticity and timing of Defendants' alleged evidence
- Whether Defendants' experts relied on unverified source materials
- Whether the alleged creation timeline is accurate or manipulated
- Whether Defendants' evidence would survive cross-examination

These disputes alone require denial of summary judgment.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. DENY Defendants' Motion for Summary Judgment (D.E. 69);

2. OR, in the alternative, DEFER consideration of summary judgment under Rule 56(d) until discovery is completed; and

3. Grant such other relief as the Court deems just and proper.

Executed pursuant to Fed. R. Civ. P. 11.
Dated: January 7, 2026

Respectfully submitted,

**JACK D. HERNANDEZ**
d/b/a Ocean Vibes Music Publishing
*Plaintiff, Pro Se*

By: /s/ Jack D. Hernandez
**Jack D. Hernandez**
16133 E Lancashire
Loxahatchee, Florida 33470
Email: jackdariohernandez@gmail.com

**DICK ALFREDO CABALLERO RODRIGUEZ**
a/k/a ALFR3D Beats
*Plaintiff, Pro Se*

By: /s/ Dick Alfredo Caballero
**Dick Alfredo Caballero**
El Salvador, La Libertad
Ciudad Marsella Q5, D31
Email: alfr3dmusic@hotmail.com

**DIGITAL SIGNATURE CERTIFICATION:** The undersigned Pro Se Plaintiffs certify that their digital signatures included in this filing are intended to serve as valid signatures for all legal

purposes under Federal Rule of Civil Procedure 11 and the Local Rules of the Southern District of Florida.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 7, 2026, by electronic mail on counsel of record for Defendants, including:

Brendan Stuart Everman, Esq.

beverman@pryorcashman.com

James George Sammataro, Esq.

jsammataro@pryorcashman.com

Karen I. Suarez, Esq.

ksuarez@pryorcashman.com

Pryor Cashman LLP – Docketing

docketing@pryorcashman.com

By: /s/ Jack D. Hernandez
**Jack D. Hernandez**
d/b/a Ocean Vibes Music Publishing
*Plaintiff, Pro Se*
16133 E Lancashire
Loxahatchee, Florida 33470
Email: jackdariohernandez@gmail.com

Date: 01/07/2026