UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80338-CIV-DIMITROULEAS

JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D BEATS,

                                                                                                                 Magistrate Judge Reinhart

        Plaintiffs,
vs.

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC LATINO,
CAROLINA GIRALDO NAVARRO a/k/a KAROL G,
EDWIN VASQUEZ VEGA a/k/a MALDY, MARVIN
HAWKINS RODRIGUEZ a/k/a DJ MAFF, JULIO
MANUEL GONZALEZ TAVAREZ a/k/a LENNY
TAVAREZ, and JUSTIN QUILES,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE OR EXCLUDE WHATSAPP COMMUNICATIONS FILED AT D.E. 68

THIS CAUSE is before the Court on the Plaintiffs' Motion to Strike or Exclude WhatsApp Communications filed at D.E. 58, filed January 7, 2026. [DE 73]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

By the instant Motion, Plaintiffs seek to strike or alternatively request that the Court decline to consider at the summary judgment stage, certified translated WhatsApp communications between Defendant Martin Hawkins Rodriguez a/k/a DJ Maff and Daniel Echavarria Oviedo ("Ovy") filed as Exhibit 3 to the Declaration of Marvin Hawkins Rodriguez [DE 61-3] in support of Defendants' pending Motion for Summary Judgment [DE 69].

1

First, Plaintiffs argue that the WhatsApp messages are not properly authenticated under Federal Rule of Evidence 901. This argument fails. Fed. R. Evid. 901 states that to properly authenticate a document "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Here, that requirement is met. The Declaration of Marvin Hawkins Rodriguez [DE 61-3], in which Rodriguez indicates his personal knowledge of these messages between himself and Ovy, such that he could introduce them as a witness at trial, can serve as the basis for his introduction of this exhibit at the summary judgment stage.

Second, Plaintiffs argue that the WhatsApp messages constitute inadmissible hearsay and therefore should not be considered at summary judgment. However, the Eleventh Circuit held in *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012) that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1293-94. Further, the Eleventh Circuit explained that "[t]he most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial." *Id.* at 1294. Here, both declarants in the WhatsApp messages at issue have been identified (one is even a Defendant in this case) and nothing suggests that those declarants would be unavailable to testify at trial. Accordingly, the rule against hearsay does not prevent the Court from considering the WhatsApp messages at summary judgment.

Third, Plaintiffs argue that the WhatsApp messages are self-serving and controlled solely by Defendants. In particular, Plaintiffs assert that the messages were generated from devices and accounts exclusively controlled by Defendants, curated and presented unilaterally by Defendants, not subjected to neutral third-party verification, and not tested through discovery or cross-

examination. Plaintiffs cite no authority that a party cannot introduce evidence that serves, *i.e.*, supports, its legal and factual positions in the case. Further, Plaintiffs fail to explain why they could not or did not pursue discovery as to these WhatsApp messages prior to the Discovery Cutoff.

Finally, Plaintiffs argue that consideration of the WhatsApp messages is premature because discovery is not complete. The Court disagrees. The extended Discovery Cutoff of January 8, 2026 has passed and the Court has denied Plaintiffs' motion to reopen and further extend discovery. *See* [DE's 55, 58, 75, 80].

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Strike or Exclude WhatsApp Communications filed at D.E. 58 [DE 73] is **DENIED**

2. The Clerk is **DIRECTED** to **MAIL** a copy of this Order to Plaintiffs at the addresses below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 15th day of January, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Jack D. Hernandez d/b/a Ocean Vibes Music Publishing
16133 E. Lancashire
Loxahatchee, FL 33470

Dick Alfredo Caballero Rodriguez a/k/a Alfr3d Beats
El Salvador, La Libertad
Ciudad Marsella Q5, D31

3