**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**No.: 9:25-cv-80338-Dimitrouleas/Reinhart**

JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D
BEATS,

              Plaintiffs,

v.

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC
LATINO, CAROLINA GIRALDO NAVARRO
a/k/a KAROL G, EDWIN VASQUEZ VEGA a/k/a
MALDY, MARVIN HAWKINS RODRIGUEZ
a/k/a DJ MAFF, JULIO MANUEL GONZALEZ
TAVAREZ a/k/a LENNY TAVEREZ, and JUSTIN
QUILES,

              Defendants.

_____/

## JOINT DISCOVERY MEMORANDUM

Pursuant to the Court's Order (D.E. 103), defendants UMG Recordings, Inc., Carolina

Giraldo Navarro *p/k/a* Karol G, and Marvin Hawkins Rodriguez *p/k/a* "DJ Maff" (collectively

"Defendants") and *pro se* plaintiffs Dick Alfredo Caballero Rodriguez *a/k/a* Alfr3d Beats and Jack

D. Hernandez *d/b/a* Ocean Vibes Music Publishing (together, "Plaintiffs") respectfully submit this

joint discovery memorandum for the February 2, 2026 discovery hearing.

## DEFENDANTS' POSITION

Defendants respectfully request that the Court quash all subpoenas served by Plaintiffs

***after*** the discovery deadline.

The discovery cutoff in this case was January 8, 2026.  (D.E. 58).  On January 9, 2026,

Plaintiffs moved to extend the discovery deadline for the purpose of serving nine subpoenas.  (D.E.

75).[1]  On January 14, 2026, the Court ***denied*** Plaintiffs' motion because "Plaintiffs have not shown that the already extended January 8, 2026 discovery deadline in this case could not be met despite their diligence." (D.E. 80).

Despite the Court's ruling, and unbeknownst to Defendants, Plaintiffs apparently served at least five subpoenas ("Subpoenas") via email on or about January 14, 2026. (*See* **Exhibit 1** at p. 1). Defendants discovered that Plaintiffs had served the Subpoenas when counsel for one of the subpoenaed parties, ASCAP, sent an email to Defendants' counsel on January 21, 2026 advising that ASCAP "intends to comply with the subpoena." (**Exhibit 2**). During the meet and confer process, Plaintiffs contended that they acted properly because they advised the Subpoena recipients that compliance was voluntary. (*See* Ex. 1).

Defendants respectfully disagree with Plaintiffs and believe that their conduct was highly misleading (at best) or contempt of Court (at worst). Plaintiffs' initial email transmitting the subpoena to ASCAP did ***not*** state that discovery had closed or that compliance was voluntary. (**Exhibit 3**). To the contrary, Plaintiffs' email gave the impression that the Subpoena was timely issued and that compliance was ***required***. (*See id.*) It was not until ASCAP advised Defendants, one week later, that they intended to comply with the Subpoena that Plaintiffs belatedly advised ASCAP that compliance was "voluntary." Defendants are reasonably concerned that other

---

[1] Third-party subpoenas are not exempt from discovery deadlines in scheduling orders. *See DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.C. Cir. 2005) (subpoenas constitute "discovery" and are subject to discovery deadlines) (collecting cases); *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-cv-41-JLB-MRM, 2022 WL 1665446, at *2 (M.D. Fla. May 25, 2022) ("Rule 45 subpoenas constitute discovery subject to discovery deadlines") (internal citations omitted). Consequently, Rule 45 "may not be used to obtain discovery after the discovery period has closed." *Bender for Alansari v. Tropic Star Seafood, Inc.*, No. 4:07-cv-438, 2008 WL 11344667, at *1 (N.D. Fla. Nov. 10, 2008).

Subpoena recipients will produce documents based on a reasonable, yet false, understanding that Plaintiffs timely issued valid Subpoenas and that compliance is mandatory.

In preparing this joint discovery memorandum, Plaintiffs unilaterally contacted at least some of the Subpoenaed parties to inform them that the discovery period in this case has closed. (*See, e.g.,* **Exhibit 4**).  While commendable, Plaintiffs' emails are still vague and confusing, particularly given that Plaintiffs sent new emails and did not reply to their original emails transmitting the Subpoenas.  As a result, the Subpoenaed parties will have a difficult time understanding this odd sequence of events and may still reasonably believe that compliance with the Subpoenas is required.

To remedy this situation, Defendants respectfully request that the Court enter an Order: (1) quashing the Subpoenas; (2) instructing Plaintiffs, within 48 hours, to send reply emails to all the Subpoena recipients (copying Defendants' counsel) attaching the Court's forthcoming Order and including the following text: "This is an update to my prior email attaching a Subpoena.  Please be advised that the Court has quashed the Subpoena.  Please do **not** produce any documents in response to my previously emailed Subpoena."; and (3) prohibiting Plaintiffs from using, for any purpose, any documents produced in response to the Subpoenas.

<u>**PLAINTIFFS' POSITION**</u>

Plaintiffs respectfully request that the Court deny Defendants' requests for sanctions, findings of misconduct, and broad prophylactic relief, including the request to quash subpoenas, as unsupported by the record. No third party produced documents to Plaintiffs, Plaintiffs do not possess or rely upon any materials obtained through the courtesy communications, and no post-deadline discovery occurred. Accordingly, Defendants have suffered no prejudice, and no further relief is warranted. No Rule 45 subpoenas were ever formally served, all third parties were

advised that discovery had closed and that any response would be voluntary, and no documents were produced to Plaintiffs. Plaintiffs confirmed these facts during the meet and confer process and voluntarily sent clarification emails copying Defendants' counsel to avoid any possible confusion. The communications with ASCAP confirm that Plaintiffs did not mislead any third party and that ASCAP fully understood that the subpoenas were not properly served. (See Ex. 5, email from ASCAP counsel.) Plaintiffs thereafter expressly advised ASCAP via email that discovery had ended on January 8, 2026, that the motion to extend discovery had been denied, and that any response would be entirely voluntary. (See Ex. 6 and Ex. 7, follow-up communications.) Consistent with that understanding, ASCAP subsequently sent written confirmation acknowledging that discovery had concluded and confirming that it would not be producing any documents. (See Ex. 8, ASCAP confirmation of no production.).

## Defendants' Initial Voluntary Compliance Proposal

Before Plaintiffs sent the January 28 emails, Defendants' counsel initially sent an email proposing to cancel the hearing if Plaintiffs voluntarily re-sent clarification emails to third parties, copying Defendants' counsel. The email stated that Defendants intended to ask the Court to "(1) quash the subpoenas and (2) instruct Plaintiffs to send emails to all subpoena recipients, but would cancel the hearing if Plaintiffs voluntarily complied." (See Ex. 9, initial email from Defendants' counsel.)

## Defendants' Follow-Up Requiring Mischaracterization

Despite Plaintiffs' compliance and continued willingness to clarify the status of discovery, Defendants' counsel subsequently sent another email conditioning cancellation of the hearing on Plaintiffs sending a revised statement to third parties that could reasonably be read to mischaracterize the procedural posture and nature of the subpoenas. Specifically, Defendants'

counsel proposed that Plaintiffs send specific communication. (See Ex. 10, follow-up email from Defendants' counsel.) Plaintiffs then declined the proposed language. Plaintiffs sent on January 28, 2026 clarification emails to all third parties who had previously received courtesy copies, copying Defendants' counsel, stating: "Discovery concluded on January 8, 2026, and the motion to extend discovery was denied. No further response or action is required on your part regarding prior courtesy communications about potential voluntary information sharing, absent a court order." (See Ex. 11, Ex. 12, Ex. 13, Ex. 14, & Ex. 15 Plaintiffs' clarification emails.)

### No Prejudice or Misconduct

Defendants' assertion that Plaintiffs acted misleadingly or in contempt of Court is unsupported by the record. Plaintiffs informed Defendants during the meet-and-confer process that no subpoenas had been formally served, that compliance was voluntary, and that no discovery responses had been obtained. Plaintiffs have not used, possessed, or relied upon any documents produced in response to the courtesy copies. Rule 45 subpoenas are only enforceable upon proper service, and absent service, third parties are under no legal obligation to respond. See Fed. R. Civ. P. 45(b)(1); Hall v. Louisiana, No. 15-cv-643, 2016 WL 3094047, at *2 (M.D. La. June 1, 2016). Because the subpoenas at issue were never formally served and no documents were produced, Defendants' request to quash is moot, and their request to prohibit Plaintiffs from using documents that do not exist is unnecessary and advisory. See Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Plaintiffs remain willing to provide additional clarification to any third party if the Court deems it appropriate. However, Plaintiffs respectfully submit that Defendants' request for sanctions, findings of misconduct, or broad prophylactic relief is unsupported by the record and should be denied.

## CERTIFICATION OF PRE-HEARING COMMUNICATION

Undersigned counsel for Defendants certifies that the parties have met and conferred in good faith and complied with the pre-hearing communications requirements set forth in the Court's Discovery Order (D.E. 7).

Dated:  January 29, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**
*Attorneys for Defendants*
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone No: (786) 582-3012

By: /s/ *Brendan Everman*
James G. Sammataro
Florida Bar No. 520292
Brendan S. Everman
Florida Bar No. 68702
jsammataro@pryorcashman.com
beverman@pryorcashman.com
ksuarez@pryorcashman.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the referenced audio files were transmitted via Titanshare on January 29, 2026 to Hernández at jackdariohernandez@gmail.com and Alfr3d at alfr3dmusic@hotmail.com.

s/ *Brendan Everman*
Brendan Everman