UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.: 9:25-cv-80338-Dimitrouleas/Reinhart



JACK D. HERNANDEZ d/b/a OCEAN VIBES
MUSIC PUBLISHING, and DICK ALFREDO
CABALLERO RODRIGUEZ a/k/a ALFR3D
BEATS,

       Plaintiffs,

v.

UMG RECORDINGS, INC. d/b/a UNIVERSAL
MUSIC GROUP d/b/a UNIVERSAL MUSIC
LATINO, CAROLINA GIRALDO NAVARRO
a/k/a KAROL G, EDWIN VASQUEZ VEGA a/k/a
MALDY, MARVIN HAWKINS RODRIGUEZ
a/k/a DJ MAFF, JULIO MANUEL GONZALEZ
TAVAREZ a/k/a LENNY TAVAREZ, and JUSTIN
QUILES,

       Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Pursuant to S.D. Fla. Local Rule 56.1 and Fed. R. Civ. P. 56(c), Plaintiffs Jack D. Hernandez d/b/a Ocean Vibes Music Publishing and Dick Alfredo Caballero Rodriguez a/k/a Alfr3d Beats submit this response to Defendants' Statement of Material Facts. Plaintiffs respectfully respond to the numbered paragraphs in Defendants' Statement of Material Facts in Support of the Motion for Summary Judgment [D.E. 70] as follows:

### Response to Defendants' ¶ 1

Undisputed in part; disputed in part. Plaintiffs do not dispute that Plaintiff Dick Alfredo Caballero Rodriguez resides in El Salvador. Plaintiffs dispute that Plaintiff Caballero

Rodriguez's residence bears on the authorship or ownership of the musical composition "Punto G." *(Exhibits P-0001–P-0004.)*

**Response to Defendants' ¶ 2**

Disputed. Plaintiffs do not dispute the YouTube upload date. Plaintiffs dispute Defendants' characterization of the work as merely an "instrumental." The work was created and published under the title "Punto G." *(Exhibits P-0001–P-0004.)*

**Response to Defendants' ¶ 3**

Disputed. Exhibit P-0005 reflects a YouTube view count associated with the public posting of "Punto G." The exhibit does not address whether the work was publicly available or capable of being accessed. *(Exhibit P-0005; Plaintiffs' SMF ¶¶ 8–12.)*

**Response to Defendants' ¶ 4**

Disputed. Exhibit P-0006 reflects monetization or revenue information associated with the posting of "Punto G." The exhibit does not address authorship, originality, or ownership of the work. *(Exhibit P-0006.)*

**Response to Defendants' ¶ 5**

Undisputed in part; disputed in part. Plaintiffs do not dispute that Karol G is a public figure. Plaintiffs dispute that Karol G is the author of the musical composition for "Gatúbela." *(Exhibits P-0014–P-0018; D.E. 61–66.)*

**Response to Defendants' ¶ 6**

Disputed. Plaintiffs lack sufficient information to admit the full scope of the professional relationships among the named co-defendants. *(D.E. 61–67.)*

**Response to Defendants' ¶ 7**

Disputed. Plaintiffs dispute that DJ Maff independently created the beat for "Gatúbela." Defendants produced audio files and associated metadata but did not produce contemporaneous DAW project files or version histories identifying the asserted creation date. *(Exhibits P-0021–P-0022; D.E. 71.)*

**Response to Defendants' ¶ 8**

Disputed. Defendants' copyright registrations identify differing and inconsistent authorship credits for "Gatúbela." *(Exhibits P-0014–P-0018.)*

**Response to Defendants' ¶ 9**

Undisputed in part; disputed in part. Plaintiffs do not dispute Justin Quiles' profession. Plaintiffs dispute that this fact addresses the creation of the musical composition at issue. *(D.E. 62.)*

**Response to Defendants' ¶ 10**

Disputed. Plaintiffs dispute that the co-writers' musical contributions were created independently of "Punto G." Plaintiffs' expert identified similarities between the works. *(Exhibit P-0013.)*

**Response to Defendants' ¶ 11**

Undisputed in part; disputed in part. Plaintiffs do not dispute that Maldy is a reggaeton artist. Plaintiffs dispute that this fact addresses authorship or creation of the musical composition. *(D.E. 63.)*

**Response to Defendants' ¶ 12**

Disputed. Plaintiffs lack sufficient information to admit Defendants' asserted chain of title and ownership claims. *(Exhibits P-0014–P-0018.)*

**Response to Defendants' ¶ 13**

Disputed. Defendants produced audio files and certain metadata but did not produce authenticated DAW project files or version histories substantiating the asserted creation timeline. *(Exhibit P-0022; D.E. 71.)*

**Response to Defendants' ¶ 14**

Disputed. Plaintiffs' expert identified similarities between the disputed musical elements. *(Exhibit P-0013.)*

**Response to Defendants' ¶ 15**

Undisputed in part; disputed in part. Plaintiffs do not dispute that digital audio workstation ("DAW") software is commonly used in music production. Plaintiffs dispute that the use of DAW software establishes the timing or authorship of the musical elements at issue. *(D.E. 61.)*

**Response to Defendants' ¶¶ 16–31**

Disputed. Plaintiffs dispute Defendants' asserted creation and transmission timeline. Defendants produced audio files, messages, and metadata without contemporaneous DAW project files or verified version histories. *(Exhibits P-0021–P-0022; D.E. 61; D.E. 71; D.E. 79.)* Plaintiffs' evidence reflects differing dates in Defendants' copyright filings. *(Exhibits P-0014–P-0018.)*

**Response to Defendants' ¶ 32**

Disputed. Plaintiffs' YouTube analytics reflect views originating from Colombia prior to the release of "Gatúbela." *(Exhibit P-0004; D.E. 61; D.E. 64.)*

**Response to Defendants' ¶ 33**

Disputed. Plaintiffs produced evidence of public dissemination and communications involving DJ Maff. *(Exhibit P-0012.)*

**Response to Defendants' ¶¶ 40–51**

Disputed. Plaintiffs acknowledge Defendants retained experts. Plaintiffs produced a musicology report identifying similarities between the works. *(Exhibit P-0013.)*

**Compliance Statement**

Plaintiffs further affirm that their **PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS** fully complies with S.D. Fla. Local Rule 56.1(b). Each material fact is set forth in a separately numbered paragraph and supported by citations to record evidence. The exhibits submitted in support—including copyright registration certificates, publication and metadata screenshots, expert report excerpts disclosed in discovery, and sworn

declarations—are admissible at the summary judgment stage and are properly authenticated or capable of being reduced to admissible form at trial. Accordingly, Defendants' Motion for Summary Judgment must be evaluated on the complete and properly supported record before the Court.

Dated: February 6, 2026

Respectfully submitted,

**JACK D. HERNANDEZ**
d/b/a Ocean Vibes Music Publishing
*Plaintiff, Pro Se*

By: /s/ *Jack D. Hernandez*
**Jack D. Hernandez**
16133 E Lancashire
Loxahatchee, Florida 33470
Email: jackdariohernandez@gmail.com

**DICK ALFREDO CABALLERO RODRIGUEZ**
a/k/a ALFR3D Beats
*Plaintiff, Pro Se*

By: /s/ *Dick Alfredo Caballero*
**Dick Alfredo Caballero**
El Salvador, La Libertad
Ciudad Marsella Q5, D31
Email: alfr3dmusic@hotmail.com

**DIGITAL SIGNATURE CERTIFICATION:** The undersigned Pro Se Plaintiffs certify that their digital signatures included in this filing are intended to serve as valid signatures for all legal purposes under Federal Rule of Civil Procedure 11 and the Local Rules of the Southern District of Florida.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on February 6, 2026 by electronic mail on counsel of record for Defendants, including:

Brendan Stuart Everman, Esq. at beverman@pryorcashman.com, James George Sammataro, Esq. at jsammataro@pryorcashman.com, Karen I. Suarez, Esq. at ksuarez@pryorcashman.com, and

Pryor Cashman LLP – Docketing at docketing@pryorcashman.com

By: /s/ Jack D. Hernandez
**Jack D. Hernandez**
d/b/a Ocean Vibes Music Publishing
*Plaintiff, Pro Se*
16133 E Lancashire
Loxahatchee, Florida 33470
Email: jackdariohernandez@gmail.com

Date: 02/06/2026